UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBIE JACKSON, IV,
     Plaintiff,

vs.                               Case No.: 3:26-cv-4597-TKW-ZCB

RICKY D. DIXON,
     Defendant.
                       /

## **REPORT AND RECOMMENDATION**

Plaintiff is prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  The Court must screen Plaintiff's complaint (Doc. 1) to determine if it is frivolous or malicious, fails to state a plausible claim, or seeks monetary relief from immune defendants.  *See* 28 U.S.C. § 1915A(a)-(b).  Upon review, it is apparent that dismissal is warranted because the complaint fails to state a claim.

### I.    **Plaintiff's Factual Allegations**

Plaintiff names Ricky Dixon—former Secretary of the Florida Department of Corrections[1]—as the Defendant in this case.  (Doc. 1 at 2-3).  Plaintiff references being sentenced to prison for burglary.  (*Id.* at 5).

---

[1] *See* https://www.flgov.com/eog/news/press/2026/governor-ron-desantis-appoints-richard-comerford-secretary-florida-department.

1

Plaintiff claims that the "five years was served on May 17, 2022 therefore [Defendant] is divested of jurisdiction of subject matter without producing oath or affirmation for things or person to be seized depriving Plaintiff of private property for public use resulting to cruel and unusual punishment and discrimination denying Plaintiff equal protection of the laws." (*Id.*).

Plaintiff also filed a habeas action and § 1983 action in the Middle District of Florida fourteen months ago. (*Id.* at 6). Plaintiff references "false imprisonment/slavery in violation of the 4th, 5th, 8th, 14th amendment of the U.S. Constitution warranting compensation." (*Id.*). Plaintiff asserts claims under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments as well as Fla. Stat. § 810.02. (*Id.* at 7). For relief, Plaintiff seeks $30 million in damages. (*Id.*). He also requests release for his "liberty to be restored." (*Id.* at 6).

## II. Statutory Screening Standard

District courts must dismiss a prisoner civil rights complaint if the complaint or any portion of it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-

2

(b).  A complaint fails to state a claim under § 1915A "if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).  To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

### III.  Discussion

**A. Plaintiff's claims are barred by *Preiser* and *Heck*.**

Here, as best the Court can tell, Plaintiff's complaint is intended as a challenge to his continued confinement.  (Doc. 1 at 5-6) (claiming Defendant "is divested of jurisdiction" over Plaintiff and "requesting for [Plaintiff's] liberty to be restored in both habeas corpus resulting in false imprisonment/slavery . . ."). Plaintiff's constitutional challenges to his imprisonment and request for release from prison are not cognizable in this § 1983 proceeding because his exclusive remedy is a habeas corpus petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

3

imprisonment, his sole federal remedy is a writ of habeas corpus."); *Hall v. Merola*, 67 F.4th 1282, 1291 (11th Cir. 2023) (explaining that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Additionally, Plaintiff may not recover damages for the allegedly unconstitutional conviction and imprisonment (Doc. 1 at 7) because his convictions and sentences have not been reversed on direct appeal, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus under § 2254.[2]  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid

---

[2] As noted in the complaint (Doc. 1 at 5-6), Plaintiff has pending § 2254 habeas petitions in the Middle District of Florida and this Court.  *See* Case No. 3:25-cv-69-MMH-LLL (M.D. Fla.); Case No. 3:26-cv-4285-MW-ZCB (N.D. Fla.).  Thus, it is apparent that Plaintiff's conviction and sentence have not been reversed or called into question by a federal court's issuance of a writ of habeas corpus.

by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").[3]

Because Plaintiff's claims for injunctive relief in the form of an order of release are barred by *Preiser*, and his claims for damages are barred by *Heck*, his allegations fail to state a claim upon which relief may be granted. *See DePalma v. Florida*, No. 22-14292, 2024 WL 181832, at *1 (11th Cir. Jan. 17, 2024) (affirming district court's dismissal of complaint as barred under *Preiser* and *Heck*).

## B. Allowing Plaintiff an opportunity to amend would be futile.

Under Rule 15(a)(1), a party may amend his complaint "once as a matter of course" no later than twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). *Pro se* prisoners are allowed "the same benefit of Rule 15(a) as any other litigant." *Brown v. Johnson*, 387

---

[3] *See also Sneed v. Inch*, No. 22-10946, 2023 WL 4624472, at *3 (11th Cir. July 19, 2023) (holding that plaintiff's claims under "the Fourth, Fifth, Eighth, or Fourteenth Amendments" regarding unreasonable detention, lack of due process, and double jeopardy were challenges to the length of his sentence and thus "fall squarely within those barred by *Heck*"); *Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) (holding that plaintiff's § 1983 claims for fraud, malicious prosecution and double jeopardy violations were barred under *Heck*, where there was no indication that the conviction had already been invalidated).

F.3d 1344, 1348 (11th Cir. 2004). Typically, "a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (cleaned up). But that "extra dose of grace" is "not warranted" if amendment would be futile. *Id.* at 1133.

Here, the bars to relief posed by *Preiser* and *Heck* cannot be cured by amendment of the complaint. For these reasons, allowing Plaintiff an opportunity to amend his complaint would be futile. *See Baker v. City of Hollywood*, 391 F. App'x 819, 821-22 (11th Cir. 2010) (affirming district court's dismissal of complaint without granting leave to amend where amendment would not cure deficiencies, including *Heck* bar to relief); *see also Clark v. Santa Rosa Cnty. Sheriff's Dep't*, No. 3:24cv411, 2024 WL 4584616, at *2-3 (N.D. Fla. Sept. 5, 2024) (*sua sponte* dismissing plaintiff's complaint without prejudice under *Heck* without providing plaintiff an opportunity to amend because amendment would be futile), *adopted*, 2024 WL 4583210 (N.D. Fla. Oct. 25, 2024).

6

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.     Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

2.     All pending motions be **DENIED as moot**.

3.     The Clerk of Court be directed to close this case.

At Pensacola, Florida this 14th day of July 2026

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.